# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILLIAM F. HOOPS, JR.,**

    **Plaintiff,**

                                     **Civil Action 2:19-cv-1429**
                                     **Judge Edmund A. Sargus, Jr.**
     v.                             **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, William F. Hoops, Jr. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Response in Opposition (ECF No. 16), and the administrative record (ECF No. 8). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

## I. BACKGROUND

Plaintiff protectively filed his application for a period of disability and disability insurance benefits on January 21, 2016. In his application, Plaintiff alleged a disability onset of November 30, 2013. Plaintiff's application was denied initially on April 6, 2016, and upon reconsideration on July 13, 2016. Plaintiff sought a hearing before an administrative law judge.

Administrative Law Judge Lana Johnson (the "ALJ") held a hearing on May 15, 2018, at which Plaintiff, represented by counsel, appeared and testified. Vocational Expert Brian L. Harmon (the "VE"), also appeared and testified at the hearing. On August 15, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. On February 14, 2019, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff timely filed this action.

In his Statement of Errors, Plaintiff asserts that the ALJ failed to properly evaluate the opinion of the independent medical examiner, Ralph G. Rohner, Jr., M.D. ("Dr. Rohner"). He also asserts that the ALJ improperly relied upon the opinions of the state-agency reviewing physicians.

## II. RELEVANT MEDICAL RECORDS

### A. Independent Medical Examiner, Ralph G. Rohner, Jr., M.D.

On July 16, 2014, Dr. Rohner conducted an independent medical examination of Plaintiff as part of Plaintiff's workers' compensation claim. (R. at 320-27.) On physical examination, Dr. Rohner noted that Plaintiff was a healthy-appearing male in no acute distress. (R. at 321.) He found that Plaintiff had a reduced cervical range of motion, 2+/4 upper extremity reflexes, and cervical tenderness. (*Id.*)

Dr. Rohner noted that plaintiff underwent surgery for an anterior cervical discectomy and fusion of his C5-C6 on March 28, 2014. (R. at 322.) At the July 16, 2014 examination, Dr. Rohner concluded that Plaintiff "has not reached a period of time where one can consider the possibility of his fusion being solid" and that "[Plaintiff] should avoid repetitive changing of neck position – no repeated up, down, flexing of the neck or rotation, no overhead lifting, no

power lifting." (R. at 324.) Dr. Rohner opined that Plaintiff had not reached maximum medical improvement and stated that "one cannot say whether a fusion attempt has succeeded or failed with certainty for a period of one year." (*Id.*) He recommended repeat evaluation one year postop and stated that "it is too soon to consider vocational rehabilitation." (R. at 324, 325.)

Dr. Rohner also completed a "Report of Work Ability," wherein he opined that Plaintiff is able to occasionally lift up to 10 pounds, and can never reach below his knees, push, pull, squat, kneel, or lift above his shoulder. (R. at 327.) He opined that Plaintiff is able to continuously stand, walk, and sit. (*Id.*) Dr. Rohner stated that these restrictions were "temporary" and expected to last until November 25, 2015. (*Id.*) He further opined that Plaintiff was temporarily restricted to working 4 hours per day. (*Id.*)

B.     **State-Agency Reviewing Physicians**

On April 5, 2016, a state-agency reviewing physician, Robert Wysokinski, M.D., reviewed the record and assessed Plaintiff's residual functional capacity. He found that Plaintiff can occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk 6 hours in an 8-hour workday; and sit about 6 hours in an 8-hour workday. (R. at 90.) He limited Plaintiff to frequent left-hand controls, occasional overhead reaching with his left arm, and frequent lateral reaching with his left arm. (R. at 90-91.) Dr. Wysokinski further opined that Plaintiff can never crawl or climb ladders/ropes/scaffolds and can frequently crouch. (R. at 91.) He found that Plaintiff should avoid concentrated exposure to vibration and should avoid all exposure to hazards, including hazardous machinery, unprotected heights, and commercial driving. (R. at 92.)

3

On July 12, 2016, Esberdado Villanueva, M.D., adopted Dr. Wysokinski's opinions. (R. at 104-06.)

### III. THE ADMINISTRATIVE DECISION

On August 15, 2018, the ALJ issued her decision. (R. at 42-51.) The ALJ first found that Plaintiff meets the insured status requirements through December 31, 2018. (*Id*. at 44.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 30, 2013, the alleged onset date. (*Id*.) At step two, the ALJ found that Plaintiff had the severe impairments of "degenerative disc disease of the cervical spine with left radiculopathy status post fusion of the C5-C6 and left carpal tunnel syndrome (mild) (20 CFR 404.1520(c))." (*Id.*) At step three, the ALJ found that Plaintiff did

---

1. Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

   1. Is the claimant engaged in substantial gainful activity?

   2. Does the claimant suffer from one or more severe impairments?

   3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

   4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

   5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); see also *Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 44-45.) The ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes or scaffolds and crawl; occasionally climb ramps and stairs, stoop, kneel, and crouch; occasionally reach overhead with the left upper extremity; frequently reach in all other directions with the left upper extremity; frequently use hand controls and handle with the left upper extremity; never be exposed to unprotected heights, dangerous moving machinery and vibration; and never perform commercial driving.

(R. at 45.) In assessing Plaintiff's RFC, the ALJ considered the medical opinion evidence. Relevant to this appeal, the ALJ assigned "great" weight to the opinions of the state-agency reviewing physicians and "little weight" to the opinion of the independent medical examiner, Dr. Rohner. (R. at 48.)

Relying on the VE's testimony, the ALJ found that even though Plaintiff is unable to perform his past work, he can perform jobs that exist in significant numbers in the national economy. (R. at 49-50.) She therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 50.)

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by

substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V.     ANALYSIS

As set forth above, Plaintiff asserts that the ALJ failed to properly evaluate certain opinion evidence contained in the record. More specifically, Plaintiff asserts that the ALJ improperly discounted the opinion of the independent medical examiner, Dr. Rohner. He also

asserts that the ALJ improperly relied upon the opinions of the state-agency reviewing physicians and applied less scrutiny to their opinions than to Dr. Rohner's opinion. The Commissioner counters that the ALJ reasonably discounted Dr. Rohner's opinion as lacking explanation or support and assigned "great" weight to the state-agency experts' opinions. The undersigned agrees with the Commissioner and finds Plaintiff's contention of error to be without merit.

In evaluating a claimant's case, the ALJ must consider all medical opinions that he or she receives. 20 C.F.R. § 416.927(c); *see also* SSR 96–8p 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must always consider and address medical source opinions."). The applicable regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2).

"When the opinion comes from a physician who treated the claimant, the ALJ must 'give good reasons' in his written decision for the weight he assigns it." *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (citing 20 C.F.R. § 404.1527(d)(2); *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544–45 (6th Cir.2004)). Although the "good reason" requirement does not apply where the medical source has not treated the claimant, *see Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010), "the ALJ's decision still must say enough 'to allow the appellate court to trace the path of h[er] reasoning.'" *Stacey*, 451 F. App'x at 519 (quoting *Diaz v. Chater,* 55 F.3d 300, 307 (7th Cir.1995)).

Indeed, regardless of the source of a medical opinion, in weighing the opinion, the ALJ must apply the factors set forth in 20 C.F.R. § 416.927(c), including the examining and treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the source. 20 C.F.R. § 416.927(c). In addition, the regulations provide that where, as here, the ALJ does not assign controlling weight to a treating physician, he or she must explain the weight assigned to the opinions of the non-treating medical sources:

> Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

20 C.F.R. § 416.927(c).

As discussed above, the ALJ assigned "little" weight to the opinion of independent medical examiner Dr. Rohner. (R. at 48.) The ALJ explained her decision to assign little weight to Dr. Rohner's opinion as follows:

> The independent medical examiner opined that the claimant should avoid repetitive changing of neck position, no repeated up/down/flexing/rotation; no overhead lifting; no power lifting; and temporary restrictions from July 2014 to November 2015 of ability to work 4 hours, 5 days a week; lift/carry less than 10 pounds occasionally; never reach, push/pull, squat/kneel, or lift above shoulders (Exhibit 2F/20, 23). While this opinion is more specific in its restrictions than other opinions, it also does not include restrictions that are necessary given the claimant's impairments, pain, and symptoms. For example, this opinion does not include driving restrictions even though the claimant reports that turning his neck is difficult. Then again, this opinion does include neck restrictions. Further, this opinion does not appear to account for the claimant's intermittent hand numbness as the undersigned has in the above residual functional capacity. Moreover, this opinion seems to lack support or explanation for suggesting that the claimant would be only able to work 4 hours a day. Also, there is no explanation as to why the restrictions are temporary and what findings the doctor is basing the temporary restrictions on at all. The undersigned gives this opinion little weight as it lacks support for the various restrictions.

8

(R. at 48.)

The undersigned finds no error in the ALJ's consideration and weighing of Dr. Rohner's opinion. As a preliminary matter, Plaintiff's contention that the ALJ failed to consider the enumerated factors in 20 C.F.R. 404.1520(c) is unavailing. (Pl.'s Statement of Errors at 7-8, ECF No. 11.) Contrary to Plaintiff's assertion, the ALJ was not required to explicitly address all of the factors set forth in 20 C.F.R. § 404.1527(c)(2) for weighing medical opinion evidence within the written decision. *See Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010) (indicating that an ALJ is not required to explicitly address all of the six factors within 20 C.F.R. § 404.1527(c)(2) for weighing medical opinion evidence within the written decision). Here, the ALJ specifically considered that Dr. Rohner was an independent medical examiner rather than a treating physician and explained that she assigned "little" weight to his opinion because it is inconsistent with and unsupported by evidence in the record. *See* 20 C.F.R. § 416.927(c) (identifying the examining and treatment relationship, supportability of the opinion, and consistency of the opinion with the record as a whole as relevant considerations in weighing a medical source opinion). Thus, Plaintiff's contention that the ALJ failed to consider the relevant factors is without merit.

Further, the ALJ adequately explained why she assigned little weight to Dr. Rohner's opinions. First, she noted that Dr. Rohner's opinions failed to "include restrictions that are necessary given the claimant's impairments, pain, and symptoms." (R. at 48.) For example, she pointed out that Dr. Rohner failed to limit Plaintiff's ability to drive, which was inconsistent with record evidence demonstrating that Plaintiff has difficulty turning his neck due to cervical pain. (*Id.*) The ALJ also pointed out that Dr. Rohner failed to account for Plaintiff's

9

intermittent hand numbness.  (*Id.*)   In these respects, the ALJ concluded that Dr. Rohner's opinion was inconsistent with record evidence demonstrating additional and/or greater limitations.

On the other hand, the ALJ found that the restrictions Dr. Rohner *did* assess—including that Plaintiff was temporary limited to working four hours per day; occasionally lifting/carrying less than 10 pounds; and never reaching, pushing, pulling, squatting, kneeling, or lifting above his shoulders—lacked explanation or support from the record.  The ALJ's finding is supported by substantial evidence.

First, the ALJ reasonably discounted Dr. Rohner's opinion that Plaintiff could only work four hours per day because Dr. Rohner failed to provide any explanation or support for that opinion.  *See, e.g.*, *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (holding that an ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation"); *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016) ("We have previously declined to give significant weight to rudimentary [opinions] that lack an accompanying explanation."); *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 441 (6th Cir. 2017) (explaining that conclusory opinions which provide "no supporting findings or records and consist[ ] largely of one word answers, circles, and check-marks" have been "characterized as 'weak evidence at best' that meets the 'patently deficient standard'" (citing *Hernandez*, 644 F. App'x at 475 (quoting *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)))).   Because Dr. Rohner provided no explanation for this extreme opinion, the ALJ reasonably rejected it as lacking support or explanation.

The ALJ next found that Dr. Rohner failed to explain why his opined restrictions were

10

temporary. Plaintiff contends that Dr. Rohner did, in fact, explain why the restrictions were temporary, but the ALJ failed to consider his explanation. The undersigned agrees that Dr. Rohner's report adequately explains why he found the restrictions to be temporary, namely because it was too soon after Plaintiff's cervical fusion surgery to determine whether the surgery was successful or to consider vocational rehabilitation. (*See* R. at 324-25.) Nevertheless, the Court must affirm the ALJ's decision because it is supported by other legitimate, substantial evidence. *See Blakley*, 581 F.3d at 406; *see also Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (finding that an ALJ's erroneous factual finding was harmless where the ALJ cited other substantial, legitimate evidence to support his factual conclusions). To be sure, although the undersigned agrees that Dr. Rohner explained why the restrictions were temporary, the ALJ still reasonably concluded that (1) Dr. Rohner failed to explain the basis for the specific temporary restrictions and (2) the opined restrictions lack support from the record.

The ALJ reasonably considered that Dr. Rohner failed to explain what findings support limiting Plaintiff to occasionally lifting/carrying less than 10 pounds and never reaching, pushing, pulling, squatting, kneeling, or lifting above his shoulders. As explained above, the ALJ was not bound by conclusory opinions of Dr. Rohner. *See, e.g.*, *Buxton*, 246 F.3d at 773 (holding that an ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation"). And, contrary to Plaintiff's contention, the "Report of Work Ability" specifically provided space for Dr. Rohner to provide "further explanation of work abilities or why the injured worker is unable to perform any work." (R. at 327.) Dr. Rohner left that section blank. Thus, the ALJ reasonably discounted Dr. Rohner's opinions for lack of support or explanation.

11

Furthermore, the ALJ reasonably discounted Dr. Rohner's opined restrictions on the basis that they lacked support from the record. In assessing Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints, the efficacy of treatment, opinion evidence, and objective medical evidence (including abnormal signs and findings) and ultimately concluded that Plaintiff is not as limited as he claims. (R. at 46-48.) Her analysis of the evidence demonstrates that she found Dr. Rohner's restrictions unsupported by the record. For example, she considered that as of September 2014, based on aerobic activity, Plaintiff was "functioning at the light physical demand level but based on lifting/carrying, he was functioning at the medium physical demand level," (R. at 47), (*see* R. at 313); and that in November 2014, after four weeks of work conditioning, Plaintiff was "lifting and carrying up to 30 pounds and functioning at a medium physical demand level," but still reported limited activities due to neck pain and headaches, (R. at 47 (citing R. 305)). The ALJ further considered that medical records from December 2014 demonstrated that Plaintiff was able to rise from a seated position without difficulty and had normal motor strength and sensation, (R. at 47 (citing R. at 361-478)), (*see* R. at 452); that an updated MRI showed only mild multi-level degenerative changes at Plaintiff's C4-C5 and C6-C7 and straightening of the normal cervical lordosis, (R. at 47 (citing 514-32)), (*see* R. at 532); that Plaintiff reported significant improvement in pain after receiving radiofrequency ablation in February 2016, (R. at 47 (citing R. at 488-513)), (*see* R. at 503); and that although Plaintiff did not ultimately receive the expected relief from the radiofrequency ablation, no further surgery was recommended, (R. at 47 (citing 552-90)), (*see* R. at 556). Additionally, the ALJ considered the opinions of other medical sources, including Dr. Allen's September 2015 opinion that Plaintiff could return to work if he desired "on an as tolerated basis." (R. at 49 (citing R. at

12

490)). The ALJ acknowledged that Dr. Allen's opinion was vague and not very persuasive, but stated that it "suggests that [Plaintiff's] condition was such that the doctor did not believe [Plaintiff] [was] unable to work if [he] chose to work." (R. at 49.) The ALJ's decision to assign "great" weight to the state-agency reviewing physicians' opinions further demonstrates that she found Dr. Rohner's more restrictive opinion lacking support from the record, as she explained that the state-agency reviewing physicians' "assessment is consistent with the medical evidence of record as described above." (R. at 48.) Thus, the ALJ adequately explained her reasons for discounting Dr. Rohner's opinion, and her assessment is supported by substantial evidence. Although Plaintiff points to some evidence that could support an alternative finding, the ALJ's findings were within the ALJ's permissible "zone of choice" and the Court will not re-weigh the evidence.[2] *See Blakley*, 581 F.3d at 406.

The undersigned likewise finds no error in the ALJ's consideration and weighing of the state-agency reviewing physicians' opinions. The ALJ assigned "great" weight to their opinions because they "have program knowledge, and especially because their assessment is consistent with the medical evidence of record as described above." (R. at 48.) As set forth above, the ALJ considered the objective evidence of record and concluded that the state-agency reviewing physicians' opinions were consistent with the evidence. Under such circumstances, the ALJ reasonably assigned great weight to the state-agency reviewing physicians' opinions. *See Hoskins v. Comm'r of Soc. Sec.*, 106 F. App'x 412, 415 (6th Cir. 2004) ("State agency medical

---

2 Notably, Plaintiff acknowledges that Dr. Rohner's opinions "are not that drastically different" from the ALJ's RFC assessment which "also put significant limitations on [Plaintiff's] ability to carry and lift weight, stoop, knee[l], crouch, and lift overhead." (Pl.'s Statement of Errors at 9, ECF No. 11.)

consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence.") (citing 20 C.F.R. § 404.1527(f)(2)(i)); *see also* SSR 96-6P, 1996 WL 374180, (July 2, 1996) ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources").

The undersigned is also not persuaded that the ALJ applied more rigorous scrutiny to Dr. Rohner's opinion than to the state-agency reviewing physicians' opinions. In both instances, the ALJ considered the relevant factors for weighing opinion evidence. She concluded that the state-agency reviewing physicians' opinions were consistent with the record and that Dr. Rohner's opinion lacked explanation and support from the record. Consequently, she reasonably assigned greater weight to the state-agency reviewing physicians' opinions.

In summary, the undersigned finds no error in the ALJ's consideration and weighing of either Dr. Rohner's opinion or the state-agency reviewing physicians' opinions. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's contention of error be **OVERRULED**.

## VI. DISPOSITION

From a review of the record as a whole, the undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VII. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE