IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OHIO DISTRICT
EASTERN DIVISION

**WILLIAM F. HOOPS, JR.,**
    **Plaintiff,**

v.                                   Case No. 2:19-cv-1429
                                        JUDGE EDMUND A. SARGUS, JR.
**COMMISSIONER OF**         Magistrate Judge Chelsey M. Vascura
**SOCIAL SECURITY,**
    **Defendant.**

## OPINION AND ORDER

On December 30, 2019 the Magistrate Judge issued a Report and Recommendation to the effect that the decision of the Commissioner of Social Security denying disability benefits to Plaintiff William F. Hoops, Jr. be **AFFIRMED**.  (ECF No. 17.)  Thereafter, William F. Hoops, Jr. timely filed an objection.  (ECF No. 18.)  For the reasons that follow, the Court **OVERRULES** the objection, **ADOPTS** the Report and Recommendation and **AFFIRMS** the decision of the Commissioner of Social Security.

**I.**

The Plaintiff, William F. Hoops, Jr., contends that the Administrative Law Judge improperly discounted the opinions of Dr. Ralph G. Rohner, Jr., a medical doctor who independently examined the plaintiff in the course of his workers compensation claim.  Dr. Rohner examined the plaintiff on July 16, 2014, only months after Mr. Hoops underwent surgery on March 28, 2014 for C5/C6 anterior discectomy and fusion. (R. 322.)  Dr. Rohner opined that the plaintiff should avoid repetitive neck movements, flexing of the neck and heavy lifting.  (*Id.*)  Importantly, he listed all noted impairments as temporary.  (R. 327.)

Dr. Rohner wrote:

> He is still in the early postoperative period.  He had a cervical fusion at the end of July.  In other words, we are now four months post op.  We will not know if the fusion is consolidated or not for a period of one year…
>
> At the present time, he has not reached a period of time where on can consider the possibility of his fusion being solid.  He should avoid repetitive neck position – no repeated up, down, flexing of the neck or rotation, no overhead lifting, no power lifting. (R.324.)

Dr. Rohner was clear in explaining that Mr. Hooper was still be recovering from C5/C6 cervical fusion surgery that occurred only several months before he examined the plaintiff.  He left no doubt that the limitations he viewed as medically necessary were only the result of the surgery itself.  He opined that "we would know" after a year had passed, if the fusion surgery was successful.  In short, he examined the plaintiff at a time Mr. Hooper was recovering from neck surgery.  Without knowing the ultimate success or failure of the surgery, Dr. Rohner simply described limitations attendant to the aftermath of the surgery.  In his own report, he could give no estimate of future limitations.

The Administrative Law Judge did not error in failing to adopt the temporary limitations Dr. Rohner placed on Mr. Hooper shortly after the surgery.

## II.

Based upon the foregoing, the Report and Recommendation of the Magistrate Judge is **ADOPTED**.  The Plaintiff's objections are **OVVERULED** and the decision of the Commissioner of Social Security **DENYING** benefits is **AFFIRMED**.  This case is **DISMISSED**.

**IT IS SO ORDERED.**

| | |
|---|---|
| **9/16/2020** | **s/ Edmund A. Sargus, Jr.** |
| **Date** | **EDMUND A. SARGUS, JR., JUDGE** |
| | **UNITED STATES DISTRICT COURT** |